Honorable Henry Wade District Attorney Records Building, Sixth Floor Dallas, Texas 75202 Assistant Attorney General
Re: Fee for attorney appointed by court to represent indigent jailed for contempt of court for non-payment of child support
Dear Mr. Wade:
You ask whether, pursuant to article 26.05 of the Code of Criminal Procedure, Dallas County may pay a court-appointed attorney for representing an indigent person in a family law court proceeding to secure the person's release from confinement for contempt of court for non-payment of child support.
Article 26.05 provides, in pertinent part:
 Section 1. A counsel appointed to defend a person accused of a felony or a misdemeanor punishable by imprisonment, or to represent an indigent in a habeas corpus hearing, shall be paid from the general fund of the county in which the prosecution was instituted or habeas corpus hearing held, according to the following schedule: . . .
You state that no writ of habeas corpus has been filed. Cf. Ex parte Hiester, 572 S.W.2d 300 (Tex. 1978); Ex parte Wilson,559 S.W.2d 698 (Tex.Civ.App.-Austin 1977, no writ). Thus, we need only consider whether the indigent person has been `accused of a felony or misdemeanor punishable by imprisonment.' If not, article 26.05 does not authorize Dallas County to pay his attorney's fees. See Attorney General Opinion C-418 (1965).
Attorney General Opinion M-48 (1967) presented the question of whether an attorney appointed under article 46.02, section 8 of the Code of Criminal Procedure to represent a person committed to a state mental hospital after being acquitted of a criminal offense by reason of insanity was entitled to compensation for representing the person at a subsequent sanity hearing. The opinion pointed out that article 26.05 `is applicable only to appointments of attorneys in criminal cases made under authority of article 26.04(a)' (Emphasis added). Because article 46.02, section 8 did not authorize compensation for attorneys appointed to conduct trials for people whose sanity was being determined, the question was answered in the negative. See also Code of Criminal Procedure, art. 1.02, (code governs `criminal proceedings').
We are here concerned with an indigent person who was jailed for contempt of court for failure to pay child support. The judgment specified that the person was to remain confined until he purged himself of contempt by making the necessary payments. After remaining in jail for some time, he made some payments, and another court order was issued directing that further payments be made.
Under these circumstances, we answer your question in the negative. The indigent person has not been accused of a felony or a misdemeanor punishable by imprisonment; instead, he was jailed for civil contempt of court. See ex parte Wilson, supra; Ex parte Adair, 222 S.W.2d 324 (Tex.Civ.App.-Dallas 1949, no writ), (distinction between civil and criminal contempt). See also 12 Tex. Jur.2d Contempt § 3 (civil contempt proceedings are between the original parties rather than between the public and the defendant). Since no writ of habeas corpus has been filed and no criminal offense is involved, section 26.05 does not apply. See Attorney General Opinion M-48, supra. Accordingly, the indigent person's court-appointed attorney may not be paid from the general fund of Dallas County under article 26.05.
 SUMMARY
Article 26.05 of the Code of Criminal Procedure does not authorize payment of a court-appointed attorney's fees when his indigent client has not been accused of a criminal offense and no writ of habeas corpus has been filed.
Very truly yours,
 Mark White Attorney General of Texas
 John W. Fainter, Jr. First Assistant Attorney General
 Prepared by Jon Bible Assistant Attorney General